No. 24-1954

## IN THE UNITED STATE COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

FREDERICK L. ALLEN and NAUTILUS PRODUCTIONS, LLC,
*Plaintiffs-Appellees,*

v.

JOSHUA H. STEIN, as Governor of North Carolina, et al.,
*Defendants-Appellants.*

---

On appeal from the United States District Court
for the Eastern District of North Carolina

---

## PETITION OF PLAINTIFFS-APPELLEES
## FOR REHEARING EN BANC

---

G. Jona Poe, Jr.
**POE LAW FIRM, PLLC.**
PO Box 15455
Durham, NC 27704
Telephone: (919) 471-4015
joe@joepoelaw.com

Susan Freya Olive
**OLIVE & OLIVE, P.A.**
P.O. Box 2049
Durham, NC 27702
Telephone: (919) 683-5514
solive@oliveandolive.com

Adam Adler
**REICHMAN JORGENSEN LEHMAN &**
  **FELDBERG LLP**
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (650) 623-1480
aadler@reichmanjorgensen.com

Elliot Sol Abrams
**CHESHIRE PARKER**
  **SCHNEIDER, PLLC**
133 Fayetteville Street, Ste 400
Raleigh, NC 27601
Telephone: (919) 833-3114
elliot.abrams@cheshirepark.com

*Counsel for Plaintiffs-Appellees*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

RULE 40(b) STATEMENT ................................................................1

BACKGROUND ...............................................................................3

    A. Defendants' First Interlocutory Appeal .................................... 4

    B. Defendants' Second Interlocutory Appeal ................................ 5

    C. Defendants' Third Interlocutory Appeal .................................. 5

    D. The Panel's Opinion ................................................................ 6

ARGUMENT ....................................................................................8

    A. Pendent Jurisdiction Is Strictly Limited, and the Traditional Tests for Its Exercise Are Not Met Here ................................................ 8

    B. The Opinion Creates Two New Gateways to Pendent Jurisdiction, Both of Which Conflict with Circuit Precedent and Other Federal Circuits .......................................................... 12

        1. The Opinion Created a "But-For" Causation Gateway That Conflicts with Precedent ............................................... 12

        2. The Opinion Also Created a New "Underlying Basis for Jurisdiction" Gateway That Conflicts with Precedent ................. 14

    C. The Panel's Sua Sponte Application of Pendent Jurisdiction Violated the Party Presentation Principle ............................................. 16

CONCLUSION ..............................................................................17

CERTIFICATE OF COMPLIANCE ................................................19

## TABLE OF AUTHORITIES

**Cases**

*Aguirre v. Seminole Cnty.*,
  158 F.4th 1276 (11th Cir. 2025) ...............................................................9

*Albert v. Lierman*,
  152 F.4th 554 (4th Cir. 2025) ....................................................... 10, 15

*Allen v. Cooper*,
  589 U.S. 248 (2020)...................................................................................4

*Allen v. Cooper*,
  895 F.3d 337 (4th Cir. 2018)....................................................................4

*Antrican v. Odom*,
  290 F.3d 178 (4th Cir. 2002).................................................................15

*B. A. Kelly Land Co., L.L.C. v. Aethon Energy Operating, L.L.C.*,
  25 F.4th 369 (5th Cir. 2022) ..................................................................15

*Berrey v. Asarco Inc.*,
  439 F.3d 636 (10th Cir. 2006) .................................................................9

*Bolmer v. Oliveira*,
  594 F.3d 134 (2d Cir. 2010)....................................................................9

*Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*,
  369 F.3d 385 (4th Cir. 2004)................................................................14

*Catlin v. United States*,
  324 U.S. 229 (1945)...............................................................................14

*CGC Holding Co., LLC v. Broad & Cassel*,
  773 F.3d 1076 (10th Cir. 2014) ..........................................................16

*Clark v. Sweeney,*
    146 S. Ct. 410 (2025) ............................................................................3

*Cox v. Glanz,*
    800 F.3d 1231 (10th Cir. 2015) .........................................................17

*Dig. Equip. Corp. v. Desktop Direct, Inc.,*
    511 U.S. 863 (1994) ...........................................................................13

*Ealy v. Pinkerton Gov't Servs., Inc.,*
    514 F. App'x 299 (4th Cir. 2013) ................................................. 13-14

*Elegant Massage, LLC v. State Farm Mut. Auto. Ins. Co.,*
    95 F.4th 181 (4th Cir. 2024) ................................................................9

*Falana v. Kent State Univ.,*
    669 F.3d 1349 (Fed. Cir. 2012)............................................................9

*Griswold v. Coventry First LLC,*
    762 F.3d 264 (3d Cir. 2014)...................................................... 1, 9, 15

*In re Under Seal,*
    749 F.3d 276 (4th Cir. 2014)...............................................................7

*Indus. Servs. Grp., Inc., v. Dobson,*
    68 F.4th 155 (4th Cir. 2023) .................................................... 1, 10, 15

*Kontrick v. Ryan,*
    540 U.S. 443 (2004)...........................................................................14

*McCarter v. Ret. Plan For Dist. Managers of Am. Fam. Ins. Grp.,*
    540 F.3d 649 (7th Cir. 2008)...............................................................9

*McCloud v. Testa,*
    97 F.3d 1536(6th Cir. 1996)...............................................................17

*Meredith v. Oregon,*
    321 F.3d 807 (9th Cir. 2003)..............................................................15

iv

*Moniz v. City of Fort Lauderdale*,
   145 F.3d 1278 (11th Cir. 1998) .................................................. 1, 15

*Ochoa Lizarbe v. Rivera Rondon*,
   402 F. App'x 834 (4th Cir. 2010) ..................................................14

*Pickett v. Texas Tech Univ. Health Scis. Ctr.*,
   37 F.4th 1013 (5th Cir. 2022) ..................................................9

*Poulos v. Caesars World, Inc.*,
   379 F.3d 654 (9th Cir. 2004)................................................... 9, 16

*Price v. Socialist People's Libyan Arab Jamahiriya*,
   389 F.3d 192 (D.C. Cir. 2004) ..................................................9

*Puerto Rico Ports Auth. v. BARGE KATY-B*,
   427 F.3d 93 (1st Cir. 2005)................................................... 9, 13

*Raley v. Hyundai Motor Co.*,
   642 F.3d 1271 (10th Cir. 2011) .................................................. 16-17

*Reid v. Doe Run Res. Corp.*,
   701 F.3d 840 (8th Cir. 2012)...................................................9

*Rein v. Socialist People's Libyan Arab Jamahiriya*,
   162 F.3d 748 (2d Cir.1998)................................................... 1, 15

*Rux v. Republic of Sudan*,
   461 F.3d 461 (4th Cir. 2006)................................................... passim

*S. Walk at Broadlands Homeowner's Ass'n. v. OpenBand at Broadlands, LLC*,
   713 F.3d 175 (4th Cir. 2013)...................................................8

*Sierra Nat'l. Ins. Holdings, Inc. v. Credit Lyonnais S.A.*,
   64 F. App'x 6 (9th Cir. 2003) ..................................................16

*Swint v. Chambers Cnty. Comm'n*,
   514 U.S. 35 (1995)...................................................9

*Timpanogos Tribe v. Conway*,
286 F.3d 1195 (10th Cir. 2002) ..........................................................16

*Triad Assocs., Inc. v. Robinson*,
10 F.3d 492 (7th Cir. 1993)........................................................... 1, 15

*Turi v. Main St. Adoption Servs., LLP*,
633 F.3d 496 (6th Cir. 2011)...................................................... 1, 9, 15

*Turner v. Weikal*,
2015 WL 13927063 (6th Cir. Mar. 12, 2015).....................................11

*United States v. Georgia*,
546 U.S. 151 (2006) ............................................................................10

*United States v. North Carolina*,
180 F.3d 574 (4th Cir. 1999)..............................................................13

*United States v. Schock*,
891 F.3d 334 (7th Cir. 2018)................................................................9

*United States v. Sineneng-Smith*,
590 U.S. 371 (2020) ............................................................................16

*Walker v. City of Pine Bluff*,
414 F.3d 989 (8th Cir. 2005)..............................................................11

*Wall Guy, Inc. v. Fed. Deposit Ins. Corp.*,
95 F.4th 862 (4th Cir. 2024) ..............................................................16

**Statutes**

17 U.S.C. § 511, Copyright Remedy Clarification Act .................................. 4, 5, 11

**Rules**

Fed. R. App. P. 3 .................................................................................13

Fed. R. Civ. P. 15 ...................................................................................14

Fed. R. Civ. P. 54 ............................................................................... 7, 14

Fed. R. Civ. P. 60 ..................................................................... 3, 7, 11, 14

Fed. R. Civ. P. 82 ...................................................................................14

## RULE 40(b) STATEMENT

In counsel's judgment, rehearing is warranted for the following reasons:

This interlocutory appeal raises important questions regarding the scope of pendent appellate jurisdiction. Appellate review is generally limited by statute to final decisions. Pendent jurisdiction is a "narrow" exception permitting additional review—but only to facilitate meaningful consideration of issues properly on appeal. This Court and the Supreme Court emphasize that pendent jurisdiction must be exercised "sparingly"—limited to the most exceptional of circumstances.

The panel's opinion ignores those foundational precepts and conflicts with (i) decisions of this Court regarding the scope of pendent appellate jurisdiction, including *Indus. Servs. Grp., Inc., v. Dobson*, 68 F.4th 155 (4th Cir. 2023) and *Rux v. Republic of Sudan*, 461 F.3d 461 (4th Cir. 2006); and (ii) decisions of five other courts of appeals, including *Rein v. Socialist People's Libyan Arab Jamahiriya*, 162 F.3d 748 (2d Cir. 1998); *Griswold v. Coventry First LLC*, 762 F.3d 264 (3d Cir. 2014); *Turi v. Main St. Adoption Servs., LLP*, 633 F.3d 496 (6th Cir. 2011); *Triad Assocs. v. Robinson*, 10 F.3d 492 (7th Cir. 1993); *Moniz v. City of Fort Lauderdale*, 145 F.3d 1278 (11th Cir. 1998). The opinion does not acknowledge, let alone resolve these conflicts.

In invoking pendent jurisdiction, the panel—acting sua sponte—created two new gateways for its exercise. Both are foreclosed by Circuit precedent. The panel held that pendent jurisdiction is appropriate where (i) the pendent issue is a but-for cause of an appealable order, or (ii) the pendent issue implicates the district court's authority to enter an appealable order. The panel used these justifications to review a years-earlier decision allowing Plaintiffs to file an amended complaint—and then dismissed the only properly appealable issue (sovereign immunity) as moot without addressing the merits. The upshot is that the panel used its newfound sources of pendent jurisdiction not to *ensure* meaningful review of the sole properly appealable issue, but to avoid it altogether.

If allowed to stand, the panel's decision would expand pendent jurisdiction well beyond the limits imposed by the Supreme Court, transforming a doctrine of necessity into one of judicial preference. The decision would also create an intra-circuit split, move this Court to the minority side of an inter-circuit split, and sow confusion about the appropriate standard for pendent jurisdiction. En banc review is needed to restore clarity and uniformity on this important issue of appellate jurisdiction and avoid inducing more litigants to seek improper interlocutory review.

The panel's errors stem in no small part from its decision to invoke pendent jurisdiction on its own initiative, in violation of the party presentation principle.

*See Clark v. Sweeney*, 146 S. Ct. 410, 412 (2025) ("The Fourth Circuit transgressed the party-presentation principle by granting relief on a claim that Sweeney never asserted and that the State never had the chance to address."). Not only did Defendants not assert pendent jurisdiction, they expressly disclaimed it at oral argument, stating "I don't think this is a pendent appellate jurisdiction kind of a situation." The panel ignored that waiver, invoked pendent jurisdiction, and concluded that the district court erred in allowing the amended complaint.

Although the primary purpose for en banc review here is to clarify Circuit precedent on pendent jurisdiction, additional material overlooked errors in the panel's analysis further support vacating its decision: The panel failed to consider an alternate independent basis for the district court's order, held that decisions under Rule 60 are jurisdictional, dismissed Plaintiffs' claims "with prejudice," and failed to follow the party presentation principle.

Plaintiffs respectfully request that the Court grant rehearing en banc and affirm the district court's decision below.

## BACKGROUND

This case, asserting claims of copyright infringement and constitutional violations, has a lengthy procedural history, with three interlocutory appeals and a trip to the Supreme Court.

Plaintiffs are world-renowned videographer Rick Allen and his production company, Nautilus Productions LLC. Defendants include the State of North Carolina, a state agency, and various state officials. Plaintiffs allege that Defendants willfully infringed their copyrights and violated their right to due process by copying and distributing Plaintiffs' footage of Blackbeard's flagship, *Queen Anne's Revenge*. JA85-87.

Despite ten years of litigation, the case remains stalled at its earliest stages. Defendants continued to infringe and have not filed an answer.

### A. Defendants' First Interlocutory Appeal

Allen sued in 2015; Defendants moved to dismiss on sovereign immunity grounds. JA8, 12. The district court denied that motion based on the Copyright Remedy Clarification Act of 1990 (CRCA), 17 U.S.C. § 511, which abrogated sovereign immunity for copyright claims. JA62. On appeal, this Court reversed, holding that CRCA's "wholesale abrogation of sovereign immunity" was unconstitutional. *Allen v. Cooper*, 895 F.3d 337, 353 (4th Cir. 2018). The Supreme Court affirmed. *Allen v. Cooper*, 589 U.S. 248, 267 (2020). Notably, while at the Supreme Court, Defendants conceded that their challenge to CRCA would not abrogate immunity in cases of actual constitutional violations and that victims of intentional infringement should not be blocked by sovereign immunity. *See* P.Br.9-11.

### B. Defendants' Second Interlocutory Appeal

On remand, Plaintiffs sought leave to file an amended complaint to address the sovereign immunity ruling and to account for changes in the law during the appeal—including the Supreme Court's decision in this case invalidating "wholesale abrogation" under CRCA as well as intermediate decisions relating to takings. JA63.

In August 2021, the district court authorized Plaintiffs to amend their complaint ("the 2021 Order"). JA83-84. Defendants immediately appealed, and the district court stayed proceedings. JA20-21.

This Court dismissed the State's appeal for lack of jurisdiction, ruling that the 2021 Order was "neither a final order nor an appealable interlocutory or collateral order." No. 21-2040, Dkt. 27.

When the case resumed, Plaintiffs filed their amended complaint, alleging old, new, and continuing willful infringements, along with additional facts showing the infringements violated the Constitution. JA268-69.

### C. Defendants' Third Interlocutory Appeal

Defendants moved to dismiss the amended complaint, again on sovereign immunity grounds. JA270. On August 30, 2024, the district court denied the motion in part and held that Defendants were not entitled to sovereign immunity in

connection with Plaintiffs' amended copyright and due process claims ("the 2024 Order"). JA304.

Defendants brought this appeal. The notice stated only that Defendants sought to appeal "those parts of the district court's order [D.E. 168] entered on August 30, 2024, that denied defendants' motions to dismiss the second amended complaint." JA316.

Despite that limitation, Defendants' opening brief challenged two orders: the 2024 Order denying sovereign immunity and the 2021 Order allowing the amended complaint—the same one this Court previously held was not immediately appealable. D.Br.2. Defendants asserted the collateral-order doctrine as the sole basis for appellate jurisdiction over the 2021 Order. D.Br.1. Defendants did not ask this Court to exercise pendent jurisdiction over that order, and at oral argument, they expressly disclaimed that basis for jurisdiction, stating, "I don't think this is a pendent appellate jurisdiction kind of a situation." Arg. 2:29-3:12.[1]

### D. The Panel's Opinion

On January 23, 2026, the panel issued its opinion ("Op."). The panel did not resolve the sovereign immunity question. Instead, it invoked pendent jurisdiction to review the 2021 Order. Op.20-22. The panel held that pendent jurisdiction was

---

[1] https://www.ca4.uscourts.gov/OAarchive/mp3/24-1954-20251022.mp3.

6

appropriate because "the 2021 Decision is the sole and only seed [of the 2024 ruling]" and because "the 2021 Decision was the sole basis for the district court's purported authority relative to the 2024 Ruling." *Id.* at 21.

After finding pendent jurisdiction, the panel (mistakenly) held that the district court erred in applying Rule 54(b) instead of Rule 60(b).[2] Op.23. The panel then found abuse of discretion in the district court's application of Rule 60(b) and grant of leave to amend. Op.29-33.[3] Based on its resolution of this procedural

---

[2] In fact, the district court *did* evaluate Plaintiffs' motion under Rule 60(b), *see* JA66 ("Since the parties have argued the motion based on the Rule 60(b) principles and since Rule 60(b) is a more stringent standard than that of Rule 54(b), the Court considers these principles in its analysis. Regardless of whether the Court addresses the issue of reconsideration on the standard of Rule 60(b) or Rule 54(b), plaintiff's request for relief is granted."), as the panel later recognized, Op.27 (acknowledging the 2021 Order "purported to reopen this litigation under Rule 60(b).").

[3] The panel's assessment of the Rule 60 question contains an additional error. The district court offered two independent grounds supporting its decision to grant Plaintiffs' motion. JA63; JA267-68. The panel reviewed only one of those grounds—it acknowledged it was not asked to and did not review the other. *See* Op.33 n.10. Because the district court had a valid and undisputed basis for its decision to vacate the judgment, its decision should have been affirmed. *See In re Under Seal*, 749 F.3d 276, 293 (4th Cir. 2014) ("To obtain reversal of a district court judgment based on multiple, independent grounds, an appellant must convince us that every stated ground ... is incorrect." (cleaned up)). While this is not the primary issue justifying en banc review, it underscores the need for vacatur.

issue, the panel declined to reach sovereign immunity, treating it as moot. Op.33-34.

The panel ultimately ordered dismissal of Plaintiffs' claims with prejudice. Op.35.[4]

## ARGUMENT

The panel opinion is contrary to precedent and transforms pendent jurisdiction from a narrow, necessity-driven doctrine into one of judicial preference. The confusion introduced into the governing Circuit standard would put this Court at odds with the majority of circuits and induce more piecemeal appellate litigation.

### A. Pendent Jurisdiction Is Strictly Limited, and the Traditional Tests for Its Exercise Are Not Met Here

Appellate jurisdiction is limited by statute to final orders. *Rux*, 461 F.3d at 474. Pendent appellate jurisdiction provides a narrow exception that allows courts—in rare circumstances—to consider a non-appealable issue that

---

[4] This was yet another material, overlooked error. As no claims were adjudicated on the merits and all determinations were on sovereign immunity grounds, any dismissal must be without prejudice. *S. Walk at Broadlands Homeowner's Ass'n. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013).

accompanies an issue properly before the court. There is nationwide consensus that the doctrine should be used only in exceptional circumstances. *Id.* at 475 ("Pendent appellate jurisdiction is an exception of limited and narrow application driven by considerations of need, rather than of efficiency."); *Elegant Massage, LLC v. State Farm Mut. Auto. Ins. Co.*, 95 F.4th 181, 188 (4th Cir. 2024) (pendent jurisdiction exercised "sparingly").[5]

Pendent jurisdiction is permissible only where (i) the primary issue and pendent issue are "inextricably intertwined" or (ii) resolution of the pendent issue is needed to ensure "meaningful review" of the primary issue. *Swint*, 514 U.S. at 50-51.

---

[5] *See also, e.g.*, *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 49 (1995) (courts should not "loosely allow[] pendent appellate jurisdiction"); *Puerto Rico Ports Auth. v. BARGE KATY-B*, 427 F.3d 93, 107 (1st Cir. 2005) ("Instances in which the exercise of pendent appellate jurisdiction is appropriate are hen's-teeth rare."); *Bolmer v. Oliveira*, 594 F.3d 134, 141 (2d Cir. 2010); *Griswold,* 762 F.3d at 269-70 (3d Cir. 2014); *Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1027 (5th Cir. 2022); *Turi,* 633 F.3d at 502 (6th Cir. 2011); *McCarter v. Ret. Plan for Dist. Managers of Am. Fam. Ins. Grp.*, 540 F.3d 649, 653 (7th Cir. 2008) ("[E]ven when circumstances are exceptional[,] the availability of pendent appellate jurisdiction is doubtful."); *United States v. Schock*, 891 F.3d 334, 339 (7th Cir. 2018); *Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 844-45 (8th Cir. 2012); *Poulos v. Caesars World, Inc.*, 379 F.3d 654, 669 (9th Cir. 2004); *Berrey v. Asarco Inc.*, 439 F.3d 636, 647 (10th Cir. 2006); *Aguirre v. Seminole Cnty.*, 158 F.4th 1276, 1293 (11th Cir. 2025); *Price v. Socialist People's Libyan Arab Jamahiriya*, 389 F.3d 192, 199 (D.C. Cir. 2004); *Falana v. Kent State Univ.*, 669 F.3d 1349, 1360 (Fed. Cir. 2012).

Two issues are "inextricably intertwined" where "the same specific question will underlie both the appealable and the non-appealable order, such that resolution of the question will necessarily resolve the appeals from both orders at once." *Indus. Servs.*, 68 F.4th at 167. The Fourth Circuit construes this requirement strictly; issues are not "intertwined" if they involve "distinct legal concepts" or different legal tests. *Rux*, 461 F.3d at 476; *Indus. Servs.*, 68 F.4th at 167-68; *Albert v. Lierman*, 152 F.4th 554, 559-60 (4th Cir. 2025).

The "necessary to ensure meaningful review" test is even more restrictive. It is satisfied only where "resolution of the pendent issue is necessary, or essential in resolving the immediately appealable issue." *Indus. Servs.*, 68 F.4th at 167.

In this case, the sole immediately appealable issue is Defendants' challenge to the district court's order denying sovereign immunity. That issue turns on whether the complaint alleges a violation of the Copyright Act, whether the alleged infringement was intentional, the sufficiency of remedies available under state law, and the scope of the Supreme Court's decision in *United States v. Georgia*, 546 U.S. 151 (2006). *See* D.Br.38-59; P.Br.30-56. The pendent issue, on the other hand, is purely one of procedure—whether the district court abused its discretion in allowing Plaintiffs to amend their complaint. That issue, in turn, depends on several subsidiary procedural questions, including whether the case had reached finality for Rule 60(b) purposes, whether Plaintiffs waited too long to file their

motion, and whether the Supreme Court's decision invalidating CRCA and Defendants' concessions at the Supreme Court constitute "extraordinary circumstances" under Rule 60(b)(6).

Under this Circuit's well-established precedent, pendent jurisdiction was not available for that garden-variety procedural dispute. The primary and pendent issues are anything but "inextricably intertwined"; they involve completely different inquiries. And review of the pendent procedural question is not "necessary" for meaningful review of the immunity question, which can be fully resolved without considering any aspect of the pendent issue. The appellate briefs and district court decisions, JA60; JA261, prove the point; they show that the substance of the two issues can (indeed, must) be addressed separately. *See Rux*, 461 F.3d at 476 (issues not intertwined where court's "analysis of the [primary] issue did not address, or even refer to, the [pendent issue]").

As far as Plaintiffs can tell, neither this Court nor any other federal court of appeals has ever exercised pendent jurisdiction to review a decision granting leave to amend. In the few cases where parties sought pendent review of those issues, courts refused. *See Turner v. Weikal*, 2015 WL 13927063, at *4 (6th Cir. Mar. 12, 2015); *Walker v. City of Pine Bluff*, 414 F.3d 989, 993 (8th Cir. 2005). It is thus unsurprising that Defendants—who sought review of the 2021 Order—expressly disclaimed pendent jurisdiction as a viable basis for interlocutory review.

11

**B. The Opinion Creates Two New Gateways to Pendent Jurisdiction, Both of Which Conflict with Circuit Precedent and Other Federal Circuits**

The panel recited the relevant tests, Op.19-20, but failed to apply them.

Instead, the panel devised two new gateways to pendent jurisdiction.

1. The Opinion Created a "But-For" Causation Gateway That Conflicts with Precedent

The opinion created a "but-for" causation test that allows pendent jurisdiction where an otherwise non-appealable order is the "seed" or "prerequisite" of the issue properly before the Court. Op.21. In other words, the panel found pendent jurisdiction because the district court would not have reached the sovereign immunity question if it had denied leave to amend. *Id*. ("[T]he 2021 Decision … made the 2024 Ruling possible.").

As a matter of simple causation, that is true. Had the district court denied leave to amend, there would not have been an amended complaint, a motion to dismiss it, or an order denying the motion to dismiss.

But pendent jurisdiction does not turn on but-for causation. If that were the test, then courts would be able to review—and appellants could seek review—of every decision issued prior to an appealable collateral order. Thus, an appeal from a summary judgment decision denying qualified immunity would sweep in decisions on Rule 12 motions, statutes of limitations, discovery orders, and (as in

this case) decisions granting or denying leave to amend. That approach would transform pendent jurisdiction from a "hen's-teeth rare" exception, *Puerto Rico Ports*, 427 F.3d at 107, into a broad expansion of the collateral order doctrine. *Cf.* Fed. R. App. P. 3 ("[A]n appeal from a *final* judgment permits review of all rulings that led up to the judgment." (emphasis added)); *Dig. Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 868 (1994) ("[W]e have ... repeatedly stressed that the 'narrow' exception should stay that way and never be allowed to swallow the general rule … .").

The panel's new gateway conflicts with this Court's precedents, which confirm that pendent jurisdiction cannot be based on whether the pendent issue was the but-for cause of a properly appealable issue—even where the pendent issue would be case-dispositive. For example, in *Rux*, this Court—on interlocutory appeal from a denial of sovereign immunity—held it could not use pendent jurisdiction to review earlier rulings denying objections to personal jurisdiction and venue. *Rux*, 461 F.3d at 474-75. Likewise, in *United States v. North Carolina*, this Court, on interlocutory appeal from an order refusing to enter a consent decree, held it could not use pendent jurisdiction to review an earlier order denying summary judgment and allowing the case to continue. 180 F.3d 574, 580-81, 581 n.4 (4th Cir. 1999). Other cases are in accord. *See, e.g.*, *Ealy v. Pinkerton Gov't*

*Servs., Inc.*, 514 F. App'x 299, 308-10 (4th Cir. 2013); *Ochoa Lizarbe v. Rivera Rondon*, 402 F. App'x 834, 837-38 (4th Cir. 2010).

    2.  <u>The Opinion Also Created a New "Underlying Basis for Jurisdiction"</u>
<u>Gateway That Conflicts with Precedent</u>

The panel stated that pendent review is also available where an otherwise unappealable issue "was the sole basis for the district court's purported authority" over an issue properly on appeal—here, the 2024 sovereign immunity decision. Op.21-22. That analysis is doubly wrong.

*First*, any error in the district court's 2021 analysis—whether viewed under Rule 60, Rule 54, or Rule 15—would not have affected that court's jurisdiction. Those rules are strictly procedural. *See* Fed. R. Civ. P. 82 ("These rules do not extend or limit the jurisdiction of the district courts[.]").[6] Thus, the 2021 Order

---

[6] The scope of district court jurisdiction is determined not by the contours of Rule 60, but by statutory and constitutional limits. *See Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction."); *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 392-93 (4th Cir. 2004). Under those authorities, district courts are divested of jurisdiction where a decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). The panel did not apply that standard but instead considered only the non-jurisdictional application of Rule 60(b). Indeed, it is difficult to envision a jurisdictional rule that would be reviewed for abuse of discretion.

14

could not have provided the basis for the district court's authority on the motion to dismiss.

*Second*, the panel's analysis is directly at odds with Circuit precedent. This Court has repeatedly held that pendent jurisdiction does not allow parties to obtain automatic early review of jurisdictional issues. *Indus. Servs.*, 68 F.4th at 168 ("[T]he standing analysis is not 'necessary to ensure meaningful review of' Defendants' Eleventh Amendment claim. While a standing analysis *could* foreclose the need to address the immunity defense if ISG does indeed lack standing, that is not the pendent jurisdiction test." (citation omitted)); *Rux*, 461 F.3d at 475-76 (no pendent jurisdiction over standing question); *see also Albert*, 152 F.4th at 559-60 (same); *Antrican v. Odom*, 290 F.3d 178, 191 (4th Cir. 2002) (no pendent jurisdiction over "jurisdictional questions").

In addition to creating an intra-circuit split, the panel's decision—if allowed to stand—would move this Circuit to the wrong side of an inter-circuit split. The Second, Third, Sixth, Seventh, and Eleventh Circuits have each held that pendent jurisdiction does not allow parties to obtain immediate review of jurisdictional disputes.[7] Only the Fifth, Ninth, and Tenth Circuits have held otherwise.[8]

---

[7] *Rein*, 162 F.3d at 759-61; *Griswold*, 762 F.3d at 269-70; *Turi*, 633 F.3d at 503; *Triad Assocs.*, 10 F.3d at 497 n.2; *Moniz*, 145 F.3d at 1281 n.3.

[8] *B. A. Kelly Land Co. v. Aethon Energy Operating, L.L.C.*, 25 F.4th 369, 384 (5th Cir. 2022); *Meredith v. Oregon*, 321 F.3d 807, 816-17 (9th Cir. 2003);

### C. The Panel's Sua Sponte Application of Pendent Jurisdiction Violated the Party Presentation Principle

There was, and is, no need even to consider pendent jurisdiction, as Defendants did not raise the issue and expressly waived reliance on it. As the Supreme Court instructs, "Courts are essentially passive instruments of government. They do not, or should not, sally forth each day looking for wrongs to right. They wait for cases to come to them, and when cases arise, courts normally decide only questions presented by the parties." *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020) (cleaned up). This principle safeguards judicial independence, ensures fairness, and promotes accurate outcomes by ensuring that courts rule only on issues tested by the rigors of the adversarial process. *See id.*

The party presentation principle applies with equal force to issues of appellate jurisdiction, including pendent appellate jurisdiction. *See Wall Guy, Inc. v. Fed. Deposit Ins. Corp.*, 95 F.4th 862, 868 (4th Cir. 2024) ("It is the appellant's burden, not ours, to conjure up possible theories to invoke our legal authority to hear her appeal." (quoting *Raley v. Hyundai Motor Co.*, 642 F.3d

---

*Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1200-01 (10th Cir. 2002). The Ninth and Tenth Circuits have not applied this rule consistently. *See Poulos*, 379 F.3d at 669-72 (9th Cir. 2004); *Sierra Nat'l. Ins. Holdings v. Credit Lyonnais S.A.*, 64 F. App'x 6, 7 n.1 (9th Cir. 2003); *CGC Holding Co. v. Broad & Cassel*, 773 F.3d 1076, 1098 (10th Cir. 2014).

1271, 1275 (10th Cir. 2011) (Gorsuch, J.)); *Cox v. Glanz*, 800 F.3d 1231, 1256 (10th Cir. 2015) ("Glanz has not asked us to exercise our discretion to assume pendent jurisdiction ... and we will not make arguments for him that he did not make in his appellate briefs." (cleaned up)); *McCloud v. Testa*, 97 F.3d 1536, 1545 (6th Cir. 1996) ("Testa does not argue that this discretionary doctrine should be invoked in this case and therefore we need not address its applicability here.").

As shown above, the sua sponte invocation of an unsought and unbriefed jurisdictional basis contributed to the panel's failure to recognize the conflicts between its opinion and controlling precedent.

## CONCLUSION

Plaintiffs respectfully request that the Court grant en banc review and affirm the district court's denial of sovereign immunity.

Respectfully submitted this 6th day of February, 2026.

/s/ Susan Freya Olive
Susan Freya Olive
 N.C. State Bar No. 7252
**OLIVE & OLIVE, P.A.**
P.O. Box 2049
Durham, NC 27702
Telephone: (919) 683-5514
Facsimile: (919) 688-3781
emailboxednc@oliveandolive.com

/s/ Adam Adler
Adam Adler
**REICHMAN JORGENSEN LEHMAN &
 FELDBERG LLP**
1909 K Street, NW, Suite 800
Washington, DC 20006
Telephone: (650) 623-1480
aadler@reichmanjorgensen.com

/s/ G. Jona Poe, Jr.
G. Jona Poe, Jr.
 N.C. State Bar No. 5920
**POE LAW FIRM, PLLC.**
3202 Guess Rd.
PO Box 15455
Durham, NC 27704
Telephone: (919) 471-4015
Facsimile: (919) 471-4035
joe@poelaw.com

/s/ Elliot Sol Abrams
Elliot Sol Abrams
  N.C. State Bar No. 42639
**CHESHIRE PARKER SCHNEIDER, PLLC**
133 Fayetteville Street, Suite 400
Raleigh, NC 27601
Telephone: (919) 833-3114
elliot.abrams@cheshirepark.com

*Counsel for Plaintiffs-Appellees*

18

## CERTIFICATE OF COMPLIANCE

I certify that this petition complies with the type-face requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-volume limitations of Rule 40(b)(3). The petition was prepared using **Microsoft Word** and the text of the petition is in **14-point Times New Roman font.** Excluding the parts of the petition described in Rule 32(f), namely cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, and attachments, the brief contains **3,803** words, as counted by Microsoft Word.

/s/ Susan Freya Olive
Susan Freya Olive